FILED
2026 Sep-30 PM 04:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of Alabama

FILED
2026 SEP 30 P 4: 07
U.S. DISTRICT COURT
N.D. OF ALABAMA

United States of America
v.
Regino Miguel-Pascual
*Defendant(s)*

Case No. 1:26-mj-1193-HNJ

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of September 26, 2026 in the county of Dekalb in the Northern District of Alabama, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. 1326(a) | Illegal Reentry of a Previously Deported Alien |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

Digitally signed by DANIEL W BROUSSEAU
Date: 2026.09.30 15:34:08 -05'00'
*Complainant's signature*

Daniel Brousseau, Deportation Officer
*Printed name and title*

Telephonically sworn to before me and electronically signed on

Date: 09/30/2026

Herman N. Johnson, Jr. Digitally signed by Herman N. Johnson, Jr.
Date: 2026.09.30 16:17:46 -05'00'
*Judge's signature*

City and state: Huntsville, Alabama

Herman N. Johnson, Jr., U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT

I, Daniel W. Brousseau, being first duly sworn, hereby depose and state as follows:

1. I am a Deportation Officer ("DO") with the Department of Homeland Security ("DHS"), U.S. Immigration and Customs Enforcement ("ICE"). I am assigned to the New Orleans, Louisiana, Field Office, Gadsden, Alabama, Sub-Office. I have been employed as a DO with ICE since April of 2024. Before that time, I was employed as a United States Customs and Border Protection Officer ("CBPO") with U. S. Customs and Border Protection ("CBP"), DHS, for three years. With ICE and CBP, one of my principal assignments has been to conduct arrests and investigate violations of Title 8 of the United States Code ("USC"), including illegal reentry and related offenses.

2. I submit this affidavit in support of a criminal complaint based on information known to me personally and information I have learned from other members of law enforcement and/or lay witnesses. This affidavit does not contain all the information that I know regarding this matter.

3. On or about September 26, 2026, **Regino Miguel-Pascual** ("Miguel-Pascual") was arrested in Dekalb County, Alabama, for the felony charge of Obstructing Justice by Giving a False Identity. He was booked into and detained at the Dekalb County Jail. Upon booking, his biometrics were entered into the

Integrated Automated Fingerprint Identification System ("IAFIS") and returned a positive match. DeKalb County then contacted ICE.

4. On September 28, 2026, I was assigned to investigate Miguel-Pascual's immigration status. I scanned Miguel-Pascual's fingerprints taken in connection with his September 26, 2026, arrest in Dekalb County into the IAFIS system. Results confirmed that Miguel-Pascual was previously removed from the United States.

5. Miguel-Pascual is native to and a citizen of Guatemala. A further review of immigration databases showed that Miguel-Pascual was ordered removed *in absentia* from the United States on or about August 30, 2004, by Immigration Judge Susan E. Castro. The Order of Removal was executed on or about February 9, 2012, whereby Miguel-Pascual was removed from the United States via ICE Air Operations to Guatemala.

6. On or about July 23, 2018, ICE ERO West Palm Beach Office encountered and arrested Miguel-Pascual in West Palm Beach, Florida. He was subsequently charged with violating 8 U.S.C. § 1326(a), Illegal Re-entry of a Previously Removed Alien, which is a felony offense.

7. On or about September 13, 2018, Miguel-Pascual entered a guilty plea to violating 8 U.S.C. § 1326(a) and was sentenced to time served in the Southern District of Florida, West Palm Beach Division. Miguel-Pascual was then removed from the United States on or about September 26, 2018, via ICE Air Operations, out of Miami,

Florida.

8. I performed a records check to determine if Miguel-Pascual filed an application for permission to reapply for admission into the United States after deportation or removal. No record was found to exist indicating that Miguel-Pascual obtained consent from the Attorney General of the United States or from the Secretary of Homeland Security, for re-admission into the United States as required by law.

9. Based on the foregoing, I submit that probable cause exists to believe that when he was encountered on or about September 26, 2026, Regino Miguel-Pascual was an alien who had previously been deported and removed from the United States, and found to be again in the United States without having received the express consent from the Attorney General or the Secretary of the Department of Homeland Security for re-admission into the United States, in violation of Title 8, United States Code, Section 1326(a).

Digitally signed by DANIEL W BROUSSEAU
Date: 2026.09.30 15:34:57 -05'00'

Daniel W. Brousseau, Deportation Officer
U.S. Department of Homeland Security
Immigration and Customs Enforcement

Subscribed electronically and sworn to telephonically, before me, this 30th day of September, 2026.

Herman N. Johnson, Jr.
Digitally signed by Herman N. Johnson, Jr.
Date: 2026.09.30 16:18:40 -05'00'

Herman N. Johnson, Jr.
United States Magistrate Judge